IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Malibu Media, LLC,                    :

          Plaintiff,                  :

     v.                               :     Case No. 2:14-cv-1533

                                      :     JUDGE MICHAEL H. WATSON
John Doe,                                   Magistrate Judge Kemp

          Defendant.                  :


ORDER

     This matter is before the Court on the motion for leave to
take discovery prior to the Rule 26(f) conference filed by
plaintiff Malibu Media, LLC.  For the following reasons, the
motion for leave (#2) will be granted.

I.

     This is a copyright infringement case involving the file
transfer technology known as BitTorrent.  The use of this
technology, which allows peer-to-peer file sharing, has resulted
in much litigation as of late.  See, e.g., Third Degree Films,
Inc. v. John Does 1-72, 2013 WL 1164024 (E.D. Michigan March 18,
2013)(provides detailed explanation of BitTorrent file-sharing
protocol).  The focus of the litigation has been the alleged use
of this technology to unlawfully reproduce and distribute via the
internet copyrighted motion pictures.  Eighteen motion pictures
have been identified as at issue in this case.  See Exhibits A
and B to Complaint (Doc. 1).

     In this case, Malibu Media has identified one Doe defendant
by the internet protocol (IP) address assigned by the internet
service provider (ISP) Time Warner Cable.  Malibu Media has
attached to its complaint the ISP for the defendant, the torrent
file copied and distributed, and the location at the time of the

allegedly infringing downloads.  Through its current motion, Malibu Media seeks to serve a Rule 45 subpoena on Time Warner Cable to uncover the identity of the account holder of this IP address, including  name, current and permanent addresses, telephone numbers and email addresses.  Malibu Media states that any information disclosed in response to the subpoena will be used only for the purpose of protecting its rights under the Copyright Act.

II.

Fed.R.Civ.P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference.  However, Rule 26(d) also provides that expedited discovery may be conducted prior to that conference when authorized by court order.  Consequently, a district court has the discretion to permit discovery prior to a Rule 26(f) conference.  <u>See</u>, <u>e.g.</u>, <u>Qwest Communs. Int'l Inc. v. Worldquest Networks</u>, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003).  Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery.  <u>Tesuco Holdings Ltd. v. Does 1-12</u>, 2012 WL 6607894 (E.D. Tenn. December 18, 2012).

Good cause may be found based upon "(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward."  <u>Best v. Mobile Streams, Inc.</u>, 2012 WL 5996222, *1 (S.D. Ohio November 30, 2012), <u>citing</u> <u>Arista Records, LLC v. Does 1-9</u>, 2008 WL 2982265 (S.D. Ohio July 29, 2008).  Courts also look to whether evidence would be lost or destroyed with time and whether the proposed discovery is narrowly tailored.  <u>Id</u>.; <u>see also</u> <u>Arista Records, LLC v. Does 1-15</u>, 2007 WL 5254326 (S.D. Ohio May 17, 2007).

Malibu Media contends that it has demonstrated good cause

under the standards described above.  On this issue, Malibu Media asserts that it can show irreparable harm from the infringement of the copyrighted motion picture.  According to Malibu Media, it has a valid copyright in the motion picture, defendant had access to the film, and substantial similarity exists between its copyrighted work and the alleged infringing work.  Further, Malibu Media argues that the defendant will not be prejudiced by the proposed expedited discovery because it is narrowly tailored and sought for a very limited purpose.  Finally, it contends that it has no other means for obtaining the identities of the Doe defendant.

Malibu Media also argues that courts throughout the country have "unanimously" granted motions for expedited discovery in actions against BitTorrent defendants.  The Court's review of the authority cited by Malibu Media indicates that this is generally true.  Courts within the Sixth Circuit have found good cause and granted motions for expedited discovery in such actions as well.  See, e.g., Vision Films, Inc. v. Does 1-16, 2013 WL 1385206 (E.D. Tenn. April 3, 2013); Malibu Media, LLC v. John Does 1-9, 2013 WL 142083 (E.D. Mich. January 11, 2013)(granting motion in part).

In granting expedited discovery in BitTorrent cases, courts have found several factors significant.  One such factor is the specificity with which the defendants have been identified, including the assigned IP addresses, the date and time of the alleged illegal download, the hash identifier of the downloaded file, the ISP, and the location of the IP address.  Also significant are the steps taken by the plaintiff to locate and identify the Doe defendants.  Further, courts have looked to whether the elements of a copyright infringement claim have been pled.  Courts also have considered whether the proposed discovery seeks information likely to lead to information which would allow a plaintiff to effectuate service on the defendants.  Finally,

-3-

courts have considered the likelihood of prejudice to any alleged infringers.  See, e.g., Vision Films, 2013 WL 1385203, at *2.

    As noted above, in the exhibits to its complaint, Malibu Media provides the IP address assigned to the Doe defendant, the date and time of the downloads at issue, the hash identifier, the ISP, and the location of the IP address.  The Court concludes that, based on this information, Malibu Media has identified the Doe defendant with sufficient specificity.  Further, based on the declaration of Tobias Fieser, a forensic investigator, Malibu Media has described in detail its efforts to identify the Doe defendant.  Additionally, Malibu Media has pled a copyright infringement claim.  Finally, Malibu Media has demonstrated that the information it seeks is likely to lead to information which will allow it to identify and perfect service on the Doe defendant.

    The Court finds this information sufficient to meet Malibu Media's burden here.  Consequently, the Court will not consider the declaration of Patrick Paige which was submitted in support of Malibu Media's motion but contains an electronic signature rather than Mr. Paige's actual, physical signature.  A non-attorney's electronically signed declaration is not properly signed in compliance with the rules of this District.  See Tdata Inc. v. Aircraft Technical Publishers, 2007 WL 464411, *3 (S.D. Ohio Feb. 6, 2007); Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am. Inc., 2006 WL 2373273, *6 (S.D. Ohio Aug. 14, 2006); see also S.D. Ohio Local Rule 1.1 (e); Electronic Filing Policies and Procedures Manual 2.0, Rule C, Signatures.

    Given Malibu Media's stated purpose in seeking this information, there is no suggestion that the Doe defendant would be prejudiced by allowing such limited expedited discovery.  Rather, as the Court explained in Malibu Media, LLC v. John Does 1-23, 2012 WL 1144822, *2 (D. Colo. April 4, 2012),

-4-

Much like the <u>Arista Records</u> defendants, Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities.  Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendants' identities without court-ordered discovery.  Accordingly, because it appears likely that Plaintiff will be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed.R.Civ.P. 45, for the limited purpose of discovery the identities of Defendants.

Taking all of the above into account, the Court concludes that Malibu Media has demonstrated good cause for the expedited discovery.  Consequently, the motion for leave to take discovery will be granted.

### III.

For the reasons stated above, the motion for leave to take discovery (#2) is granted.  The plaintiff may serve immediate discovery on Time Warner Cable to obtain the identity of the Doe defendant by serving a Rule 45 subpoena seeking documents including the name, current (and permanent) addresses and telephone numbers, and e-mail addresses for the defendant.  The disclosure of this information is ordered pursuant to 47 U.S.C. §551(c)(2)(B).  Any such information disclosed may be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act.

/s/ Terence P. Kemp
United States Magistrate Judge